IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC J. WELLY, | ) | Case No. 3:17-cv-0600 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| STATE OF OHIO[1], | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I.    Introduction

Petitioner, Eric J. Welly, filed a *pro se* petition for writ of habeas corpus pursuant to 29 U.S.C. § 2254, challenging his conviction in *State v. Welly*, Seneca County Common Pleas Case No. 14 CR 0193.  ECF Doc. 1.  Alan J. Lazaroff, warden of the Mansfield Correctional Institution, filed an answer and return of writ.  ECF Doc. 7.  Welly filed a traverse on August 17, 2018.  ECF Doc. 9.  Welly's petition is before me by automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation.  Because Welly has presented only procedurally defaulted, meritless, and non-cognizable claims, I recommend that the Court dismiss his petition.

---

[1] Welly sued The State of Ohio.  He should have sued Alan J. Lazaroff, Warden of the Mansfield Correctional Institution because Welly is currently incarcerated at that institution.  Warden Lazaroff filed an answer/return of writ on May 26, 2017.  ECF Doc. 7.

## II.     Relevant State Procedural History

### A.     State Conviction

On July 23, 2014, a Seneca County grand jury indicted Welly of one count of rape of child less than ten years of age in violation of Ohio Rev. Code § 2907.02(A)(1)(b), (B).  ECF Doc. 7-1 at Ex. 1, Page ID# 74-75.  Welly entered an initial not guilty plea.  ECF Doc. 7-1 at Ex. 2, Page ID# 76-77.

Later, Welly, through counsel, filed a plea of not guilty and not guilty by reason of insanity. ECF Doc. 7-1 at Ex. 3, Page ID# 78-79.  After court-ordered competency and sanity evaluations, the court found Welly competent to stand trial.  ECF Doc. 7-1 at Ex. 5, Page ID# 82-83.  The court then arraigned Welly again, who restated his plea of not guilty.  *Id.*

On November 17, 2014, Welly changed his plea from not guilty to guilty of the lesser included offense of rape.[2]  ECF Doc. 7-1 at Ex. 6, Page ID# 84-87.  The trial court advised Welly of his rights, his potential sentence, and accepted his guilty plea.  ECF Doc. 7-6, ECF Doc. 7-1 at Ex. 7, Page ID# 88-90.  The trial court then sentenced Welly to a prison term of twenty-five years to life.  ECF Doc. 7-1 at Ex. 7, Page ID# 88-90.

### B.     Direct Appeal

On December 16, 2014, Welly, through new counsel, filed a notice of appeal to the Ohio Court of Appeals.  ECF Doc. 7-1 at Ex. 8, Page ID# 91.  Welly raised the one assignment of error:

> The trial court erred in accepting the appellant's guilty plea where the trial court failed to sufficiently advise the appellant of his right to compulsory process.

---

[2] The amended charge deleted reference to the victim being under ten years old.

ECF Doc. 7-1 at Ex. 9, Page ID# 94.  On July 6, 2015, the court of appeals affirmed Welly's conviction.  ECF Doc. 7-1 at Ex. 11, Page ID# 122-129.  Welly did not appeal this decision to the Ohio Supreme Court.

###### C.     Post-Conviction Petition to Vacate or Set Aside Finding of Guilt

On September 1, 2015, Welly, through new counsel, filed a petition for post-conviction relief/motion to withdraw guilty plea pursuant to Ohio Rev. Code § 2953.21.  He raised three grounds for relief:

1.  His legal representation was ineffective;

2.  His guilty plea was not knowingly, intelligently, and voluntarily made;

3.  New evidence supported Welly's innocence.

ECF Doc. 7-1 at Ex. 12, Page ID# 137-138.  On October 23, 2015, the trial court denied Welly's petition and motion to withdraw guilty plea.  ECF Doc. 7-1 at Ex. 14, Page ID# 169.  On November 6, 2015, Welly, through counsel, filed a notice of appeal in the Ohio Court of Appeals.  ECF Doc. 7-1 at Ex. 15, Page ID# 175.  Welly's appellate brief raised one assignment of error:

> The trial court erred in denying the appellant's petition for postconviction relief and motion to withdraw guilty plea without an evidentiary hearing.

ECF Doc. 7-1 at Ex. 16, Page ID# 180.  On March 7, 2016, the court of appeals affirmed the trial court's judgment.  ECF Doc. 7-1 at Ex. 18, Page ID# 246.

On March 30, 2016, Welly, through counsel, filed a notice of appeal to the Ohio Supreme Court.  ECF Doc. 7-1 at Ex. 19, Page ID# 262-263.  Welly's memorandum in support of jurisdiction raised the following proposition of law:

> The trial court erred in denying the appellant's petition for postconviction relief and motion to withdraw guilty plea without an evidentiary hearing and the third district court of appeals erred in sustaining the trial court's decision.

ECF Doc. 7-1 at Ex. 20, Page ID# 286.  Welly also argued that he received ineffective assistance of counsel in the advice leading up to his guilty plea; that his plea was not knowing, intelligent or voluntary; and that there was new evidence of his actual innocence.  On June 29, 2016, the Ohio Supreme Court declined jurisdiction.  ECF Doc. 7-1 at Ex. 21, Page ID# 293.

### D.  Federal Habeas Corpus Petition

Welly's *pro se* petition for writ of habeas corpus, ECF Doc. 1, asserts three grounds for relief:

> **GROUND ONE**:  The mother of my alledge [sic] victim told my sister via Facebook that his dad's girlfriend touched him.  Pressured into pleading guilty to a charge of rape.  Post-conviction relief/motion to withdraw guilty plea.  ECF Doc. 1 at Page ID# 5.

> **GROUND TWO**:  New evidence to prove that I did not rape T.C.  His mother told my sister via Facebook that I did not rape or sexually assault my alledge [sic] victim.  ECF Doc. 1 at Page ID# 6.

> **GROUND THREE**:  Ohio Supreme Court would not take jurisdiction.  ECF Doc. 1 at Page ID# 6.

## III.  Standards of Review and Governing Law

### A.  AEDPA Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Welly's petition for writ of habeas corpus.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009).  AEDPA, which amended 28 U.S.C. § 2254, was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and 'to further the principles of comity, finality, and federalism.'"  *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (quoting *(Michael) Williams v. Taylor*, 529 U.S. 420, 436 (2000)).  AEDPA "recognizes a foundational principle of our federal system:  State courts are adequate forums for the vindication of federal rights."  *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013).  It

therefore "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Id*.

One of AEDPA's most significant limitations on district courts' authority to grant writs of habeas corpus is found in § 2254(d).  That provision forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Habeas courts review the "last *explained* state-court judgment" on the federal claim at issue.  *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis original).  A state court has adjudicated a claim "on the merits," and AEDPA deference applies, regardless of whether the state court provided little or no reasoning at all for its decision.  *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

"Clearly established Federal law" for purposes of § 2254(d)(1) "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  It includes "only the holdings, as opposed to the dicta, of [Supreme Court] decisions."  *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citations omitted).  The state court decision need not refer to relevant Supreme Court cases or even demonstrate an awareness of them; it is sufficient that the result and reasoning are consistent with Supreme Court precedent.  *Early v. Packer*, 537 U.S.

3, 8 (2002) (per curiam).  And a state court does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent.  *See, e.g., Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam).

A state court decision is contrary to "clearly established Federal law" under § 2254(d)(1) only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). And "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A state court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the court made a "clear factual error."  *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). The petitioner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence."  *Burt*, 134 S. Ct. at 15; *see also Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011).  This requirement mirrors the "presumption of correctness" AEDPA affords state court factual determinations, which only can be overcome by clear and convincing evidence.  28 U.S.C.  § 2254(e)(1).  The Supreme Court has cautioned, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"  *Burt*, 134 S. Ct. at 15 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

Indeed, the Supreme Court repeatedly has emphasized that § 2254(d), as amended by AEDPA, is an intentionally demanding standard, affording great deference to state-court adjudications of federal claims.  The Court has admonished that a reviewing court may not "treat[] the reasonableness question as a test of its confidence in the result it would reach under

6

*de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102; *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."). Rather, § 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102-03 (internal quotation marks omitted). Thus, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103. This is a very high standard, which the Court readily acknowledges: "If this standard is difficult to meet, that is because it is meant to be." *Id*. at 102.

### B. Exhaustion and Procedural Default

Under AEDPA, state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." *Engle v.*

*Isaac*, 456 U.S. 107, 125 n.28 (1982).  It "does not require pursuit of a state remedy [when] such a pursuit is clearly futile."  *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

Procedural default is a related but "distinct" concept from exhaustion.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available.  *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806.  In determining procedural default, the federal court again looks to the last explained state-court judgment.  *Ylst*, 501 U.S. at 805; *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000).

When a state court declines to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested on an "independent and adequate" state procedural ground.  *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law.  *Id*. at 732-33.  To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied.  *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).[3]

---

[3] In *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), the Sixth Circuit outlined the now familiar test to be followed when the state argues that a habeas claim is defaulted because of a prisoner's failure to observe a state procedural rule.  It is:

A petitioner also procedurally defaults a claim by failing to "fairly present" the claim in state court and pursuing that claim through the state's "ordinary appellate review procedures," if, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition.").  Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state-court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims. *Williams*, 460 F.3d at 806 ("[When] state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

---

First, the federal court must determine whether there is a state procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to comply with that rule.  Second, the federal court must determine whether the state courts actually enforced the state procedural sanction -- that is, whether the state courts actually based their decisions on the procedural rule.  Third, the federal court must decide whether the state procedural rule is an adequate and independent state ground on which the state can rely to foreclose federal review of a federal constitutional claim. Fourth, if the federal court answers the first three questions in the affirmative, it would not review the petitioner's procedurally defaulted claim unless the petitioner can show cause for not following the procedural rule and that failure to review the claim would result in prejudice or a miscarriage of justice.

*Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001) (citing *Maupin*, 785 F.2d at 138) (further citations omitted).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id.* (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)).[4]

A petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id.* "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

## C.     Cognizable Federal Claims

A petition for a writ of habeas corpus filed by a petitioner imprisoned under the judgment of a state court is governed by 28 U.S.C. § 2254(a), which permits the state prisoner to challenge

---

[4] Federal habeas courts review a petitioner's state-court briefs to determine whether he or she fairly presented a claim as a federal constitutional claim, examining the petitioner's:

> "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law."

*Williams*, 460 F.3d at 806 (citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)).

his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* To say that a petitioner's claim is not cognizable on habeas review is another way of saying that his claim "presents no federal issue at all." *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991).

Federal habeas corpus relief "does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), and the federal court is bound by the state court's interpretations of state law. *See e.g. Wainwright v. Goode,* 464 U.S. 78, 84 (1983). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago,* 809 F.2d 326, 328 (6th Cir. 1987). "[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Allen,* 845 F.2d at 614, quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir. 1985).

## IV. Analysis

### A. Ground One

#### 1. Actual Innocence Claim

Welly's Ground One does not clearly raise a challenge to a state court constitutional violation. First, he states: "The mother of the alleged victim told my sister on Facebook that his dad's girlfriend touched [the victim]." With nothing more, this statement appears to be irrelevant. The information does not claim that *Welly* was innocent; it merely suggests someone else committed a crime. The statement does not negate the elements of the crime to which Welly pleaded guilty. Respondent infers that Welly is asserting an actual innocence argument in the first sentence of Ground One. ECF Doc. 7 at Page ID# 51-53. Welly's traverse casts little light on the grounds asserted in his petition. However, Welly does state that he would "never harm no

child in any type of way." ECF Doc. 9 at Page ID# 410. Thus, the undersigned finds that

respondent's interpretation of the first sentence of Ground One is reasonable – a claim of actual

innocence. Moreover, a review of Welly's state court motion to withdraw his guilty plea more

clearly contends that the Facebook information stands for the proposition that Welly did nothing

to the victim but someone else did.[5]

Federal habeas claims cannot resolve actual innocence claims founded upon newly

discovered evidence. In *Herrara v. Collins,* 506 U.S. 390, 400-401, 113, S.Ct. 853, 122 L.Ed.2d

203 (1993), the Supreme Court affirmed that:

> Claims of actual innocence based on newly discovered evidence have never been
> held to state a ground for federal habeas relief absent an independent
> constitutional violation occurring in the underlying state criminal proceeding.
> Chief Justice Warren made this clear in *Townsend v. Sain,* 372 U.S. 293, 317, 9 L.
> Ed. 2d 770, 83 S. Ct. 745 (1963), (emphasis added):
>
>> "[When] newly discovered evidence is alleged in a habeas application,
>> evidence which could not reasonably have been presented to the state trier
>> of facts, the federal court must grant an evidentiary hearing. Of course,
>> such evidence must bear upon the constitutionality of the applicant's
>> detention; the existence merely of newly discovered evidence relevant to
>> the guilt of a state prisoner is not a ground for relief on federal habeas
>> corpus."
>
> This rule is grounded in the principle that federal habeas courts sit to ensure that
> individuals are not imprisoned in violation of the Constitution – not to correct
> errors of fact. *See, e. g., Moore v. Dempsey,* 261 U.S. 86, 87-88, 67 L. Ed. 543,
> 43 S. Ct. 265 (1923) (Holmes, J.) ("What we have to deal with [on habeas
> review] is not the petitioners' innocence or guilt but solely the question whether
> their constitutional rights have been preserved"); *Hyde v. Shine*, 199 U.S. 62, 84,
> 50 L. Ed. 90, 25 S. Ct. 760 (1905) ("It is well settled that upon habeas corpus the

---

[5] The motion to withdraw asserts: "On January 5, 2015 Ashley Reed [the victim T.C.'s mother] told Sarah
Toombs [Welly's girlfriend] that she knows Eric Welly did not rape or sexually assault [T.C.] Specifically, Ashley
Reed told Ms. Toombs that [T.C.] (a.k.a. [**]) told Ashley Reed that Eric Welly never touched him. Allen Cochran
is [T.C.]'s father. Ashley Reed told Sarah Toombs that it was Allen Cochran's girlfriend, Mikia, who came forward
with these allegations against Eric Welly. Ashley Reed told Ms. Toombs that she believes Allen Cochran's
girlfriend lied because she thought if she made these allegations against Eric Welly then Allen Cochran would gain
custody of [T.C.] Further, Ashley Reed told Sarah Toombs that before these allegations were made against Eric
Welly, [T.C.] told Ashley Reed that Allen Cochran's girlfriend, Mikia, "touched" [T.C.] Ashley Reed confronted
Allen Cochran and Mikia about the allegation. A few days later, Mikia, came forward with the allegation of rape
against Eric Welly." ECF Doc. 7-1, Page ID# 135.

court will not weigh the evidence") (emphasis in original); *Ex parte Terry,* 128 U.S. 289, 305, 32 L. Ed. 405, 9 S. Ct. 77 (1888) ("As the writ of habeas corpus does not perform the office of a writ of error or an appeal, [the facts establishing guilt] cannot be re-examined or reviewed in this collateral proceeding") (emphasis in original).

Actual innocence can serve as a gateway to excuse a procedural default in habeas cases but not as a freestanding claim. *Herrara,* 506 U.S. at 401. Here, Welly has not argued that a federal constitutional violation occurred in relation to the new evidence he submitted after pleading guilty. He appears to be asserting this evidence to prove his own innocence. To the extent that Welly asserts an actual innocence claim in Ground One, I recommend that the Court dismiss it as non-cognizable on habeas review.

### 2. Guilty Plea

#### a. Procedural Default

Ground One also asserts that Welly was pressured into pleading guilty. ECF Doc. 1 at Page ID# 5. Welly's petition and traverse do not contain any arguments in support of this assertion. However, the state court motion to withdraw guilty plea provides more explanation for this argument. There, Welly argued that he received ineffective assistance of counsel leading up to his plea and that he was coerced into pleading guilty by his attorney. He also argued that he had mental problems and deficiencies and that he was not thinking clearly because he had taken Risperdal before the hearing. ECF Doc. 7-1 at Page ID# 141.

Warden Lazaroff argues that most of the substance of Welly's habeas claim that he was pressured into pleading guilty is procedurally defaulted. On direct appeal, Welly argued that his plea was not knowing, intelligent or voluntary, but his entire argument was based on a claim that he had not been advised of his right to compulsory process. The court of appeals rejected that argument and affirmed Welly's conviction. Because Welly did not seek review of the court of

13

appeals' decision in the Ohio Supreme Court, he procedurally defaulted his claim that his plea was defective for lack of notice of compulsory process rights.   Welly did not exhaust his state court remedies and his time for appealing to the Supreme Court of Ohio has expired.  *See Williams*, 460 F.3d at 806.

Welly asserted different "pressured into pleading guilty" arguments in his motion to withdraw guilty plea: that his plea was defective because of ineffective assistance of counsel, because of mental limitations, and because he took Risperdal before the change of plea hearing. The trial court denied Welly's motion and Welly appealed.  The only assignment of error Welly raised on appeal was that the trial court erred in denying his motion without holding an evidentiary hearing.  ECF Doc. 7-1 at Ex. 16, Page ID# 180.   However, Welly raised the same arguments in the body of his appellate brief as he raised in his motion to withdraw guilty plea. *Id.*  And, after the court of appeals affirmed the trial court's decision, Welly sought review by the Ohio Supreme Court, raising the same arguments.  Thus, Welly raised these issues at every level in the state courts and they are not procedurally defaulted on a lack of exhaustion basis. Nevertheless, they are procedurally defaulted because failed to raise them within the time limit set by Ohio law and because he raised them after his direct appeal had already been decided. The Ohio courts declined to review the merits of Welly's claims because of his procedural violations.

The appellate court cited Ohio Crim. R. 32.1, which provides: "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed;" except to correct a manifest injustice.  The court also cited its own decision in *State v. Carter,* 3rd Dist. No. 1-11-36, 2011-Ohio-6104 at ¶ 11 (Nov. 28, 2011), in which it held that a trial court has no authority to even consider a motion to withdraw a plea after a conviction has been affirmed; or, if there was no

appeal, after the time for filing the original appeal has passed. *Id.* The court of appeals explained that the trial court did not have the authority to vacate a judgment which it had already affirmed. ECF Doc. 7-1 at Ex. 18, Page ID# 260. In doing so, the court of appeals enforced a procedural bar to Welly's motion to withdraw guilty plea. Thus, the arguments he raised in that motion are procedurally defaulted as well.

The court of appeals further explained that, even if the trial court *had* jurisdiction to consider Welly's motion to withdraw, his arguments about his mental state were barred by the doctrine of *res judicata.* ECF Doc. 7-1 at Ex. 18, Page ID# 260. Welly could have raised the argument that his plea was unknowingly entered due to his mental limitations and the effects of Risperdal on direct appeal. Because he didn't, the doctrine of *res judicata* barred his subsequent attempt to raise these arguments in his motion to withdraw guilty plea.

Thus, Welly's argument that his guilty plea was not knowingly entered because of his mental limitations and his having taken Risperdal before the plea hearing also is procedurally defaulted because it was barred by Ohio's *res judicata* doctrine. This procedural rule barring claims not raised on direct appeal is regularly and consistently applied by Ohio courts as required by the four-part *Maupin* test. *Byrd v. Collins,* 209 F.3d 486, 521-522 (6th Cir. 2000); *Buell v. Mitchell,* 274 F.3d 337, 349 (6th Cir. 2001). And Welly has not shown, or even argued, that something outside his control prevented him from raising this issue on direct appeal.

Nor has Welly shown that there has been a fundamental miscarriage of justice because he is actually innocent. Welly could attempt to overcome his procedural default by submitting new, reliable evidence that he is innocent of the crime of which he was convicted. In *Schlup v. Delo*, 513 U.S. 298, 314-315, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), the Supreme Court held that a habeas petitioner who makes a "colorable showing of actual innocence" that would implicate a

15

"fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s] considered on the merits."  This exception is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial.  *Schlup,* 513 U.S. at 324; *Calderon v. Thompson,* 523 U.S. 538, 559 (1998).  In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  *Schlup,* 513 U.S. at 324.

Here, Welly makes an actual innocence argument but bases it on the unreliable affidavits submitted with his plea withdrawal motion.  The court of appeals affirmed the trial court's finding that Welly's affidavit was not credible.  ECF Doc. 7-1 at Ex. 18, Page ID# 256-257.  The court of appeals also affirmed the trial court's finding that the affidavit of Sarah Toombs lacked credibility, stating:

> Specifically, the trial court noted that the statements contained in the affidavit were hearsay.  Upon review of the statements contained in Toombs' affidavit, we highlight that not only are the statements hearsay, but some are even hearsay contained within hearsay (e.g., the victim's statements to his mother, which were then stated by the mother to Toombs).  Additionally, although not highlighted by the trial court, we find that Toombs's affidavit is less than credible given her status as Welly's sister, and the statements contained in the affidavit clearly show that she was very interested in the success of Welly's case.

I agree that the affidavits attached to Welly's motion to withdraw his guilty plea were not new, reliable evidence making a colorable showing of his actual innocence.  They are most certainly not "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."  Welly has not shown that his procedural default of Ground One should be excused based on a claim of actual innocence.

In summary, there is no basis upon which to excuse the procedural default arising from the state procedural bars to Welly's claims and/or Welly's failure to fairly present and exhaust

his Ground One arguments in the state courts.  I recommend that Ground One be dismissed on that basis.

### b.    Merits Review

Respondent also argues that Welly's challenge to the validity of his guilty plea would fail on the merits because Welly pleaded guilty.  Welly challenged the validity of his guilty plea in both his direct appeal and his motion to withdraw guilty plea.  "Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir.2012) (internal quotations omitted).  This is so because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).  "Thus, after the entry of an unconditional plea, a defendant may only attack the court's jurisdiction and the voluntary and intelligent character of the plea itself."  *Werth v. Bell,* 692 F.3d 486 (6th Cir. 2012).  "[G]uilty pleas 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'"  *Ruelas v. Wolfenbarger,* 580 F.3d 403, 408 (6th Cir. 2009) (quoting *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).  The validity of the plea must be determined from the "totality of the circumstances."  *Abdus-Samad v. Bell,* 420 F.3d 614, 631 (6th Cir. 2005) (citing *Brady,* 397 U.S. 747).

When a habeas petitioner challenges the validity of his plea, "the state generally satisfies its burden [to show that the plea was voluntary and intelligent] by producing a transcript of the

state court proceeding." *Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir. 1993). "Solemn

declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S.

63, 74, 97 S.Ct. 1621, 52 L. Ed. 2d 136 (1977). The state court's factual finding that the plea

was proper is accorded a presumption of correctness unless the transcript is inadequate to show

that the plea was voluntary and intelligent. *Garcia,* 991 F.2d at 326-327; see U.S.C. § 2254

(e)(1). Under *Parke v. Raley*, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), and *Dunn v.

Simmons*, 877 F.2d 1275 (6th Cir.1989), the petitioner must overcome a heavy burden if a

federal habeas court is to overturn a state court finding that he made a knowing and voluntary

plea.

Here, respondent filed the transcript of the plea hearing and it refutes each of the

arguments Welly made about the validity of his guilty plea. On direct appeal, Welly argued that

his plea was not knowingly entered because the trial court failed to advise him of his right to

compulsory process. However, the hearing transcript contains the following dialogue:

> THE COURT:        Do you understand that you do not have to call witnesses;
> however, if you need to call witnesses, you are entitled to
> summon and have witnesses present to testify on your
> behalf. Do you understand this?
>
> MR. WELLY:        Yes, sir.

ECF Doc. 7-6 at Page ID# 375. Specifically, Welly argued that the trial court did not comply

with Ohio Crim. R. 11(C)(2)(c) because it used the word "summon" in explaining his right to

require witnesses to appear at his trial and testify. Rejecting this argument, the Ohio Court of

Appeals cited *State v. Barker,* 129 Ohio St.3d 472, 2011-Ohio-4130, in which the Ohio Supreme

Court held that language similar to that used at Welly's plea hearing satisfied Ohio Crim. R.

11(C)(2)(c).

Welly's argument that his plea was not knowingly made because the trial court failed to advise him of his right to compulsory process lacks merit.  Contrary to this argument, the trial court *did* advise him of this right to compulsory process.  And the state court of appeals' decision rejecting this argument is entitled to AEDPA deference.  Moreover, it was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Welly also argued that his plea was not knowingly entered because of his mental limitations and due to the effects of the drug Risperdal.  The hearing transcript also undermines this argument.  The following discussion took place during the plea colloquy:

| | |
|---|---|
| THE COURT: | I believe we had a competency examination in this case; is that correct? |
| MR. STOTZER: | We did, your Honor. |
| THE COURT: | All right.  Mr. Welly, since that time that this Court ruled you to be competent, have you suffered from or been treated for mental illness? |
| MR. WELLY: | No, sir. |
| THE COURT: | Are you now under the influence of alcohol, drugs or medication? |
| MR. WELLY: | Medication. |
| THE COURT: | And what kind of medication do you take? |
| MR. WELLY: | Risperdal. |
| THE COURT: | Does that help you think, hurt you think, or doesn't cause you any difficulties? |
| MR. WELLY: | It helps me think. |

THE COURT:        Helps you think? All right. Well, do you believe you can think clearly today?

MR. WELLY:        Yes, sir.

ECF Doc. 7-6 at Page ID# 363-365. Welly's plea withdrawal affidavit stated that, because he had taken Risperdal, he was not thinking clearly on the day he pleaded guilty. But, as noted above, the trial court determined that Welly's affidavit was not reliable. Welly's affidavit contradicted his plea hearing statements from the hearing and, given his strong interest in withdrawing his plea, lacks the indicia of credibility.

The due-process right to a fair trial is violated by a court's failure to hold a proper competency hearing when there is substantial evidence that a defendant is incompetent. *Filiaggi v. Bagley,* 445 F.3d 851, 858 (6th Cir. 2006), citing *Pate v. Robinson*, 383 U.S. 375, 385-86, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966). To be adjudged competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *United States v. Dusky*, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960) (per curiam).

Here, the trial court ordered an examination and report by the District V Forensic Diagnostic Center. ECF Doc. 7-1 at Ex. 4, Page ID# 80. The trial court reviewed the report and conducted a hearing at which defendant, through counsel, stipulated to the competency report. ECF Doc. 7-5, at p. 3; ECF Doc. 7-1 at Ex. 5, Page ID# 82. A determination of competence is a factual finding, to which deference must be paid. *Filiaggi v. Bagley,* 445 F.3d 851, 858 (6th Cir. 2006), citing *Thompson v. Keohane*, 516 U.S. 99, 110-11, 116 S. Ct. 457, 133 L. Ed. 2d 383 (1995). "Evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but . . . even one of these factors standing alone may, in some circumstances,

be sufficient." *Drope v. Missouri,* 420 U.S. 162, 180, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975).

"Regardless of whether we would reach a different conclusion were we reviewing the case *de novo*, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary." *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001).

The trial court's finding that Welly was competent and that he was capable of entering a knowing, voluntary and intelligent plea is entitled to AEDPA deference. It was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; nor was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Finally, Welly argued that his guilty plea was the result of insufficient legal representation. He asserted that his attorney did not have sufficient contact with him, did not advise him of his rights, and pressured him into pleading guilty. ECF Doc. 7-1 at Ex. 12, Page ID# 132-133, 137-138. Welly said the exact opposite at his plea hearing. The trial court asked Welly if he was satisfied with his attorney and Welly responded that he was. ECF Doc. 7-6 at Page ID# 365-367. He also signed a plea agreement stating in relevant part:

> I understand the nature of this charge and the possible defense(s) I might have. I am satisfied with my attorney's advice, counsel and competence. I am not now under the influence of drugs, medication, or alcohol. I enter this plea voluntarily. No threats have been made to me. No promises have been made except as part of this Sentence Recommendation.

ECF Doc. 6-1 at Ex. 6, Page ID# 85. Welly's affidavit indicating that he did not receive sufficient legal representation directly contradicts his testimony at the plea hearing as well as the written plea agreement that he initialed and signed. Moreover, the trial court determined that Welly's affidavit lacked credibility.

The Sixth Circuit, when faced with a challenge to a plea bargain based upon alleged off-the-record statements, stated:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers,* 170 F.3d 560, 566 (2017) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). In light of what Welly said at the time he pleaded guilty, his claim that his counsel coerced him into pleading guilty is insufficient to overcome the presumption of truthfulness which attaches to statements made during the plea colloquy. See *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) (court did not commit error in denying defendant's motion to withdraw plea where his allegations of coercion were belied by his statements at the plea hearing); *Jones v. Page*, 76 F.3d 831, 845 (7th Cir. 1996) (habeas relief not warranted when petitioner "made two clear and unequivocal statements at the plea hearing which belie the claim he is now making that he was pressured or coerced into pleading guilty."); *Otero-Rivera v. United States*, 494 F.2d 900, 902-03 (1st Cir. 1974) ("That the plea was 'coerced by defense counsel' is a conclusion unbuttressed by specific facts. Appellant originally told the court 'this is a voluntary plea,' a representation he cannot now so easily repudiate."); *Restucci v. Spencer*, 249 F. Supp.2d 33, 45-46 (D. Mass. 2003) (refusing to rely on petitioner's self-serving affidavits stating the counsel and family members coerced him into pleading guilty that flew in face of plea colloquy); *see also Heiser v. Ryan*, 813 F. Supp. 388, 401-03 (W.D. Pa. 1993) (rejecting

petitioner's claim that counsel coerced his guilty plea by threatening to withdraw from the case, where the petitioner indicated during the plea colloquy that his plea was voluntary).

Moreover, even though procedurally defaulted, the state court of appeals also addressed this issue on the merits. The court of appeals stated:

> {¶ 23} Upon a review of the record, including Welly's attached affidavit, Welly has failed to show how his trial counsel affected the voluntariness of his plea. The only "evidence" of any alleged wrongdoing was contained in Welly's affidavit, but the trial court did not find his affidavit to be credible. In its entry denying Welly's petition, the court found that the affidavit was not "clear and convincing evidence of actual innocence." (Docket No. 42, p. 5).
>
> {¶ 24} Further, Welly's own statements during the change of plea hearing were inconsistent with his claims in his affidavit. Although Welly had earlier filed a motion to remove his trial counsel, at the change of plea hearing, Welly stated that he was satisfied with his counsel's advice. Moreover, the trial court, knowing the mandatory sentence involved, made sure that Welly was entering into the plea voluntarily. On at least three separate occasions during the hearing, the trial court asked Welly if entering a guilty plea is what Welly wanted to do. Each time, Welly responded by saying "yes, sir."
>
> {¶ 25} Welly also claimed that he was unable to enter a plea voluntarily because of the effects of the drug Risperdal, which he had taken before the hearing. This claim is clearly unsupported by the record. During the hearing, the court asked Welly if he was, at that time, under the influence of alcohol or any other drug. Welly stated that he had taken Risperdal. Next, the trial court asked whether Risperdal either helped or hindered Welly's ability to think clearly. Welly responded that the drug helped him think clearly.
>
> {¶ 26} In short, Welly has failed to show how his trial counsel's representation fell below any objective standards of reasonable representation. Other than his statements contained in his affidavit, Welly failed to present any evidentiary documents containing sufficient operative facts to support his claim. Thus, the trial court did not abuse its discretion in denying Welly's petition regarding his ineffective assistance of counsel arguments.

*State v. Welly,* 3rd Dist. Seneca No. 13-15-37, 2016-Ohio-863. The court of appeals decision regarding Welly's legal representation at and leading up to the plea hearing is entitled to AEDPA deference. It was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; and was not based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In addition to my recommendation that Ground One be dismissed as procedurally defaulted, I also recommend that the Court find that Ground One lacks merit.

### B.    Grounds Two and Three

Ground Two asserts that Welly has new evidence to prove that he did not rape the victim, i.e., "[the victim's] mother told his sister on Facebook that he did not rape or sexually assault my alledge [sic] victim."  This is the same claim that Welly asserted in the first sentence of Ground One that I have already fully analyzed.  Because this ground does not present a claim cognizable on habeas review, I recommend that it be dismissed.

Ground Three asserts that the Ohio Supreme Court would not take jurisdiction.  ECF Doc. 1 at Page ID# 8.   Welly did not seek review with the Ohio Supreme Court on his direct appeal.  The Ohio Supreme Court denied discretionary review on Welly's appeal of the denial of his petition for post-conviction relief/motion to withdraw guilty plea.  ECF Doc. 7-1 at Ex. 21, Page ID# 293.  But Welly was not entitled to a second appeal of that decision.  In fact, the state court of appeals found that Welly's motion to withdraw guilty plea was barred because he did not file it until after the court of appeals affirmed his plea and resulting conviction, thereby divesting the trial court of jurisdiction over his motion to withdraw.  ECF Doc. 7-1 at Page ID# 260.

Importantly, "habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief."  *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) (citing *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986)); *see also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) ("the writ is not the proper means" to challenge "collateral matters" as opposed to "the

underlying state conviction giving rise to the prisoner's incarceration") (internal citations omitted).  The Ohio Supreme Court's denial of jurisdiction on Welly's appeal of his petition for post-conviction relief/motion to withdraw guilty plea is not cognizable on federal habeas review. Even if a federal court could review such state court decisions, Welly has not identified any incorrect or unreasonable application of United States Supreme Court precedent in the Ohio courts' decisions on his post-conviction/plea withdrawal motion, thus his Ground Two and Three claims would, necessarily, fail on the merits.

Because they lack merit and do not present issues cognizable on habeas review, I recommend that the Court DISMISS Grounds Two and Three of Welly's petition.

### C.       Recommendation Regarding Certificate of Appealability

As amended by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'"  *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)(quoting *Barefoot v. Estelle*, 463

U.S. 880, 893, n. 4 (1983)); accord *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a). In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

Where, as here, a ground is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

Ground One of Welly's petition is procedurally barred. It also fails to present an issue cognizable on habeas review. And, the state court of appeals addressed the merits of Ground One. Welly has failed to show an unreasonable application of Federal law or any unreasonable

determination of facts.  Habeas relief is not available for the issues identified in Ground One of

Welly's petition.  Similarly, Grounds Two and Three lack merit and do not present any issues

cognizable on habeas review.  This is not debatable among jurists of reason and I recommend

that no certificate of appealability issue in this case.

## V.      Conclusion

Because Welly's grounds for relief are procedurally defaulted, present non-cognizable

issues on habeas review or otherwise lack merit, I recommend that the court DENY his petition

under 28 U.S.C. § 2254.

Dated: November 20, 2018

Thomas M. Parker

United States Magistrate Judge

---

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts
within fourteen (14) days after being served with a copy of this document.  Failure to file
objections within the specified time may waive the right to appeal the District Court's order.  See
*U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985),
reh'g denied, 474 U.S. 1111 (1986).